**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

BRECK SMITH,

        Petitioner,

vs.

D.W. NEVEN, *et al.*,

        Respondents.

2:10-CV-01596-PMP-PAL

ORDER VACATING DISMISSAL

This is an action initiated by Breck Smith, a state prisoner, on a petition for writ of habeas corpus. (ECF No. 10.) Petitioner also sought appointment of counsel, which was denied by the Court. Before the Court is respondents' motion to dismiss the petition as being too vague to formulate a response. (ECF No. 15.) Petitioner has opposed the motion and has filed an amended petition. (ECF Nos. 19 and 20.) Respondents did not reply to the opposition and have not sought dismissal of the amended petition.

The Rules Governing 2254 Cases require the petition to include all claims available to the petitioner with facts supporting each ground. Rule 2. Rule 4 allows the Court to summarily dismiss the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief...." Having reviewed the amended petition, the Court does not so find.

As respondents surely are aware, the majority of habeas corpus cases in this Court are litigated by prisoners pro se. There are not resources to provide every habeas petitioner with counsel. The amended pro se petition in this case is not so vague and ambiguous that respondents cannot reasonably be required to respond. Furthermore, petitioner alleges that he presented each of his claims

in state court. Reference to the record of the state-court proceedings should therefore help respondents in determining the range of petitioner's claims.

The Amended Petition sets out the following claims for relief, which respondents shall be required to address:

I. The petitioner's rights guaranteed under the Eighth and Fourteenth Amendments were violated where the two concurrent sentences of 10-years to life imposed under the Nevada Habitual Criminal Statute resulted in cruel and unusual punishment for crimes that were non-violent.

II. Petitioner was denied his right to the effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments, where:
   a. counsel improperly advised petition to enter a guilty plea which petitioner did not understand and which afforded petitioner no benefit from the agreement;
   b. counsel failed to object to the district court's acceptance of prior judgements of conviction (JOC) to support he habitual criminal adjudication, based solely upon another court's previous acceptance of those JOCs;
   c. counsel allowed petitioner to stipulate to the imposition of the large habitual treatment for sentencing;
   d. counsel failed to argue against the application of the large habitual criminal treatment in sentencing;
   e. counsel failed to argue that the habitual criminal statute was unconstitutional;
   f. counsel failed to argue a selective prosecution argument.

III. Petitioner was denied his right to the effective assistance of appellate counsel, as guaranteed by the Sixth and Fourteenth Amendments, where:
   a. appellate counsel failed to raise a claim that the habitual criminal notice was not properly filed;
   b. appellate counsel failed to raise the issue that the habitual criminal proceedings were infirm;
   c. appellate counsel failed to raise the issue that the habitual criminal statutes was unconstitutional;
   d. appellate counsel failed to raise the issue that the district court erred in accepting infirm prior JOCs;

   e. appellate counsel failed to raise the issue that the district court abused its discretion in adjudicating appellant a large habitual criminal.

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (ECF No. 15) is **DENIED.**

**IT IS FURTHER ORDERED** that respondents' shall have **forty-five (45)** days from entry of this order to file their Answer to the Amended Petition. As previously ordered, successive motions to dismiss will not be entertained. Petitioner shall have **forty-five (45) days** from the date of service of the answer to file a reply.

DATED: May 18, 2011.

*/s/ Philip M. Pro*

PHILIP M. PRO
United States District Judge

3